[Civ. No. 26654.   Second Dist., Div. Four.   Apr. 18, 1963.]

EQUITABLE LEASING COMPANY, Plaintiff and Respondent, v. JAMES J. DRISCOLL, Defendant and Appellant.

Frank DeMarco, Jr., and Milo V. Olson for Defendant and Appellant.

Lane, Mathews & Hoag, William J. D. Lane and Allan M. Carson for Plaintiff and Respondent.

BURKE, P. J.—Plaintiff corporation employed defendant as a salesman, the terms of his employment being formalized by a resolution of the board of directors. During the course of his employment defendant borrowed moneys from plaintiff in the sum of $4,575.76. Defendant executed a promissory note in the sum of $3,875 in favor of plaintiff representing the greater portion of the debt and the balance of $700.76 remained due on the open account books of the corporation.

Plaintiff brought suit on the note and account after termination of defendant's employment.   Defendant filed an answer and cross-complaint denying liability and alleging an infor-

mal employment agreement, by the terms of which a "kitty" or "pot" had been agreed to be formed consisting, substantially, of 50 per cent of the earnings generated by defendant and the president of plaintiff corporation. From this fund all expenses of both of them allegedly would be paid, including defendant's draw (from his 50 per cent only) and the balance would be divided equally between defendant and plaintiff's president. The cross-complaint also alleged a common count, a cause of action for return of an automobile and a demand for an accounting. The case was tried by the court, a ance would be divided equally between defendant and plaintiff for the full amount of $4,575.76 with interest of $1,113.73 and attorneys' fees in the sum of $600 plus costs of suit and against defendant on his cross-complaint.

■ The principal contention of defendant on appeal is that the pretrial order, incorporating the joint pretrial statement of the parties, had reduced the trial issues to the one question of whether or not there was such an agreement establishing such a "kitty"; that, contrary to the court's findings, the facts indubitably show the existence of such an agreement. Accordingly, we are here presented with the not unusual request to review and reweigh the evidence and overrule the trial court's determination.

The president of the corporation categorically denied the substance of the conversations tending to establish an agreement with respect to a "kitty" as contended by plaintiff. The basis of defendant's employment was formally set forth in a resolution of the board of directors of plaintiff corporation. The vagueness, uncertainty and indefiniteness of the only written memorandum submitted by defendant, purporting to prove an agreement establishing a "kitty," would support an inference that no agreement had been reached just as well as the one defendant contends for that an agreement had been so reached, particularly since the memorandum was not inconsistent with the formal employment status established by the resolution of the board of directors.

■ Citations of authority are unnecessary for the statement that the findings of fact are determinative on appeal and the credibility of witnesses is the province of the trial court. The conflict in evidence in the instant case has been resolved by the court in plaintiff's favor. There is no error shown in the record. The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.